# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**E-IMAGEDATA CORP.,**

    Plaintiff,

    -vs-        Case No. 15-C-658

**DIGITAL CHECK CORP.
d/b/a ST IMAGING,**

    Defendant.

## DECISION AND ORDER

The parties in this case are competitors in the field of digital microfilm scanning systems: e-ImageData Corp., a Wisconsin corporation, and Digital Check Corp., d/b/a ST Imaging, a Delaware corporation with its principal place of business in Illinois. Both parties advance claims for false advertising under state and federal law. e-Image also brought claims for patent infringement. ST Imaging moves to sever the patent claims.

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Except for the limitations imposed by the requirements of federal subject-matter jurisdiction, there is no restriction on the claims that may be joined in actions brought in the federal courts." Wright & Miller, 6A Fed. Prac. &

Proc. Civ. § 1582 (3d ed.). Severance of properly-joined claims is committed to the discretion of the district court. Fed. R. Civ. P. 21; *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

In considering a motion to sever, courts consider any or all of the following factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d 854, 862 (C.D. Ill. 2003). At bottom, courts may order severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation. *Tab Exp. Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003).

In the initial pleadings, e-Image and ST Imaging accused each other of making false and misleading statements about the parties' competing lines of desktop digital microfilm scanners, e-Image's ScanPro line and ST Imaging's ST Viewscan line. The Court conducted a Rule 16(b) scheduling conference, established deadlines for discovery and dispositive motions, and set this matter for trial in March of 2017. Then, just as this case was

getting off the ground, e-Image amended its pleadings to bring claims for patent infringement.

In the Court's experience, patent litigation is an entirely different animal than other types of civil litigation. The parties' attempts to deal with the patent claims through amendments to the scheduling order illustrate this fundamental reality. *See* ECF No. 31, establishing dates for, among other things, production of infringement contentions, invalidity and unenforceability contentions, inception documents, technical documents and prior art, and the exchange of terms and proposed constructions. Essentially, the parties were forced to shoehorn numerous patent-specific deadlines into a scheduling order that did not contemplate such an onerous workload. This is not to say that patent claims can never be joined with other types of claims. Indeed they can, and to be precise, this motion has nothing to do with misjoinder. The addition of patent claims, however, will very likely delay the ultimate resolution of the false advertising claims. The tail is now wagging the dog.[1]

From a judicial economy perspective, e-Image argues that it is more efficient to have one lawsuit instead of two. Not so where, as here, the

---

[1] On January 22, e-Image submitted 72 infringement contentions. The tail wagging the dog indeed.

- 3 -

claims do not present common issues of law or fact. e-Image alleges, for example, that ST Imaging falsely represented that its ViewScan products are "Made in the USA," have the relevant safety approvals, and have a maximum image size of 80 megapixels. Such claims are wholly unrelated to the subject matter of the patent claims. Those claims involve an analysis of the mechanical structure of the Viewscan products to determine if they infringe upon e-Image's patents. *Heil Co. v. Hartford Accident & Indem. Co.*, 937 F. Supp. 1355, 1366 (E.D. Wis. 1996) ("the gravamen of direct infringement of a patent is making, using or selling a patented invention not advertising it"). Additionally, e-Image's claim that ST Imaging made false or misleading statements about *e-Image's* products obviously have nothing to do with whether *ST Imaging's* products infringe the patents. Accordingly, neither the Court nor the finder of fact will be in a better position to adjudicate the patent claims having resolved the false advertising claims, and vice versa.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** ST Imaging's motion to sever [ECF No. 35] is **GRANTED**. Counts IV through VI of the Second Amended Complaint, in addition to Counts IV through XI of the Second Amended Counterclaim, are severed from this action. Since the patent claims are now severed, the

- 4 -

Case 2:15-cv-00658-LA   Filed 04/29/16   Page 4 of 5   Document 45

parties' joint motion to modify the Scheduling Order in relation to the patent claims [ECF No. 44] is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2016.

**SO ORDERED:**

*s/ Pamela Pepper*
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**