UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

E-IMAGEDATA CORP.,

    Plaintiff,

v.    Case No. 2:15-cv-00658-LA

DIGITAL CHECK CORP.
d/b/a ST Imaging,

    Defendant.

**E-IMAGEDATA CORP.'S MEMORANDUM IN SUPPORT OF ITS
MOTION *IN LIMINE* TO PRECLUDE ST IMAGING FROM ASSERTING UNPLED
THEORIES OF LIABILITY**

## I. INTRODUCTION

e-Image brings this motion in an effort to clarify the issues and to streamline trial. Although ST Imaging has not asserted any theory of liability other than intentional/willful misconduct, e-Image, in an abundance of caution, requests an order clarifying that ST Imaging may not assert any other unpled theory of liability at trial. ST Imaging should be precluded from asserting any theory of liability not pled in its counterclaims, including theories of liability based on alleged misconduct by e-Image that was not intentional or willful. Any theories of liability other than intentional or willful misconduct by e-Image are untimely, and ST Imaging does not have good cause to introduce these theories at trial when they have not been pursued throughout the case.

## II. ST IMAGING PLED ONLY INTENTIONAL AND WILLFUL MISCONDUCT.

In this false advertising case, ST Imaging has counterclaimed False Advertising under the Lanham Act and Violations of the Illinois Deceptive Trade Practices Act.[1] (Dkt. 34 ¶¶ 92–107.)

---

[1] By the parties' stipulation, Counts I and II are the only remaining counts in ST Imaging's counterclaims. (Dkt. 67.)

ST Imaging's counterclaims allege only intentional and willful misconduct on the part of e-Image and contain no allegations of negligent conduct. (*See id.* ¶¶ 96, 104).

ST Imaging's decision to allege only intentional and willful misconduct had significant consequences, including e-Image's insurer denying insurance coverage for e-Image to defend against the counterclaims. (Wilbert Decl. Ex. 1, Frankenmuth Denial of Coverage Letter at 4.) e-Image's insurer denied coverage because the counterclaims alleged intentional and willful acts and not accidental behavior. (*Id.*) This decision not to extend insurance coverage was determined by the "four corners" rule, which provides that a duty to defend is determined by examining the allegations contained within the four corners of the complaint. *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 2008 WI 87, ¶ 15, 311 Wis.2d 548, ¶ 15, 751 N.W.2d 845, ¶ 15. In a letter to ST Imaging's counsel on July 11, 2016—nearly one year before discovery closed—e-Image informed ST Imaging about the denial of coverage based on ST Imaging's pleading of intentional and willful misconduct. (Wilbert Decl. Ex. 2, Letter to Philip Reid at 6, July 11, 2016; Dkt. No. 64.) ST Imaging did not amend its counterclaims to include any allegations other than intentional and willful misconduct and should not be permitted to present theories of liability based upon any theory of liability other than intentional or willful misconduct.

### III. ST IMAGING LACKS GOOD CAUSE TO ASSERT UNTIMELY ALTERNATIVE THEORIES OF LIABILITY.

ST Imaging may not assert at trial any claim, or theory of recovery, that is not pled in its Counterclaims. To prevent e-Image from having insurance coverage, ST Imaging made a conscious decision to allege only willful and intentional misconduct as against e-Image. More than two years ago, e-Image advised ST Imaging that it would object to any attempt by ST Imaging to amend its counterclaims immediately before trial in an attempt to lessen the burden of the alleged misconduct (and, arguably, provide insurance coverage at that time).

Under Federal Rule of Civil Procedure 15, a party may only amend its pleading upon receiving leave of the Court. FED. R. CIV. P. 15(a)(2). "To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005) (citing FED. R. CIV. P. 16(b)). That standard "primarily considers the diligence of the party seeking amendment." *Id*. Failure to timely amend a complaint, despite awareness of the underlying facts, shows lack of diligence. *See id*. Undue delay and undue prejudice to the opposing party "are all reasons for a district judge's deciding that allowing the complaint to be amended would not serve the interests of justice." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993).

For example, this Court has held that there is no good cause where a party seeks to amend a claim to allege a negligence theory in addition to a previously pled intentional misconduct theory. *Quad/Graphics, Inc. v. One2One Commc'ns, LLC,* No. 09-CV-99, 2011 WL 1193758, at *1 (E.D. Wis. Mar. 30, 2011). In *Quad/Graphics*, the defendant sought to amend its third-party complaint alleging intentional slander to include negligent slander. *Id.* This Court found that the defendant lacked good cause because it sought the amendment 20 months after the scheduling order deadline to amend pleadings and failed to identify any new facts or other circumstances justifying its lack of diligence. *Id.* Further, because the proposed amendment appeared to be directed solely at implicating insurance coverage, the good cause standard was not met: "[h]ad One2One believed the individual defendants could be held liable for negligent slander, they had the facts to allege so much sooner." *Id.*

Here, as in *Quad/Graphics*, ST Imaging lacks good cause to assert new theories of liability at this late stage of the case. The deadline to amend pleadings was January 22, 2016—over two

QB\53539425.2

3

Case 2:15-cv-00658-LA   Filed 08/24/18   Page 3 of 5   Document 152

years ago. (Dkt. 31.) Discovery closed June 2, 2017, and both parties filed motions for summary judgment on June 26, 2017. (Dkts. 64, 69, and 78.) ST Imaging did not amend its counterclaim or assert any theory of liability other than intentional or willful misconduct. Further, ST Imaging was aware of the issue of insurance coverage in the early stages of this case, which was tied to its allegations of intentional or willful conduct on the part of e-Image. (Wilbert Decl. Ex. 2, Letter to Philip Reid at 6, July 11, 2016.) Had ST Imaging believed that e-Image could be held liable for negligent misconduct, it had the facts to allege so at a much earlier date. *Quad/Graphics*, 2011 WL 1193758, at *1. ST Imaging failed to allege misconduct other than intentional and willful misconduct against e-Image, and should not be permitted to do so at trial.

ST Imaging's failure to timely amend demonstrates a clear lack of diligence and would be highly prejudicial to e-Image. *Chaveriat*, 11 F.3d at 1430. To permit ST to recover under its claims, other than by a finding of intentional misconduct and willfulness against e-Image, would substantially change the theory on which the case has been proceeding at such a late stage that e-Image will be unable to take discovery on the theory and will be required to engage in substantial new preparation. *See id.* In addition to the prejudice that e-Image would suffer from having to defend a new theory of liability presented for the first time at trial, allowing ST Imaging to proceed on a theory other than intentional/willful misconduct by e-Image will also prejudice e-Image because ST Imaging's allegations directed solely at intentional and willful misconduct resulted in e-Image's insurance carrier refusing to extend defense coverage for this action or to indemnify any loss. (Wilbert Decl. Ex. 1, Frankenmuth Denial of Coverage Letter at 4.) In other words, ST Imaging's undue delay in asserting this theory of liability prevented e-Image from obtaining insurance coverage for a claim for which it would have been entitled to coverage had the claim been timely presented. (*See id.*)

An attempt at this point by ST Imaging to assert any type of misconduct, other than intentional and willful misconduct on the part of e-Image, would be improper because it does not satisfy the good cause standard. Accordingly, e-Image seeks an order preventing ST Imaging from arguing at trial that e-Image intentionally or willfully made false or misleading statements.

## IV.   CONCLUSION

For the foregoing reasons, ST Imaging should not be permitted to assert any theory of liability not pled in its counterclaims, which include only allegations that e-Image acted with intent and willfulness in its conduct.

Dated this 24th day of August, 2018.    Respectfully submitted,

*s/David P. Muth*
David P. Muth
Johanna M. Wilbert
Michael T. Piery
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4497
414-277-5000

Matthew J. Duchemin
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
608-251-5000

*Attorneys for Plaintiff, e-ImageData Corp.*