UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

E-IMAGEDATA CORP.,

    Plaintiff,

v.

DIGITAL CHECK CORP. d/b/a
ST IMAGING,

    Defendant.

Case No. 2:15-cv-00658-LA

# DEFENDANT'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF UNDISCLOSED WITNESS AMY URMAN

## INTRODUCTION

On August 9, 2018, over a year after the close of discovery and with trial rapidly approaching, e-Image served its witness list. It has identified Amy Urman as a witness who will provide "live testimony" about "representations made to her" regarding ST Imaging's products and "the capabilities of what she actually received" when using the product. Although this case was initially filed in May 2015, and despite Rule 26(a) disclosures, the production by each party of thousands of pages of documents and the taking of over 20 depositions, Ms. Urman's name was never previously disclosed, cannot be found on any document produced in discovery, and does not appear in any deposition transcripts.

Ms. Urman was not timely disclosed in accordance with bright-line rules regarding the timing of identification of witnesses, and her testimony would be unfairly prejudicial to ST Imaging. Therefore, Ms. Urman should be barred from testifying.

## FACTS RELEVANT TO MOTION

This case was filed by e-Image on May 29, 2015. (Dkt. 1.) The Scheduling Order required the parties to serve Rule 26(a)(1) disclosures by September 23, 2015. (Dkt. 18.) These disclosures must include "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Discovery closed on June 2, 2017. (Dkt. 64.) e-Image identified 31 witnesses in its most recent of three Rule 26(a) disclosures, but did not identify Ms. Urman. (Reid Decl. in Support of Def.'s Mots. *in limine* ("Reid Decl.") ¶ 3.)

The parties were required to serve their list of all witnesses expected to testify at trial by August 9, 2018. (Dkt. 149.) On that date, which was over one year after discovery closed, e-Image served its witness list, which included the following:

> VII. Miscellaneous:
>
> 1. Amy Urman
>    5840 East 9th Street
>    Tucson, AZ 85711
>
>    Ms. Urman is expected to provide live testimony about the representations made to her about the capabilities of the defendant's products, her purchase of defendant's product and the capabilities of what she actually received when she purchased defendant's product.

(Reid Decl. ¶ 2, Ex. A.) Prior to the August 9, 2018 witness list, e-Image never disclosed Ms. Urman as an individual likely to have discoverable information. (*Id.* ¶ 3.) Electronic searches for Ms. Urman's name across the tens of thousands of pages of documents produced in this case returned no hits. (*Id.* ¶ 3.) ST Imaging was not previously aware that Ms. Urman may have information related to this case, and has not taken her deposition. (*Id.* ¶¶ 3-5.) Discovery is now closed. (Dkt. 64.)

ST Imaging deposed other witnesses identified on e-Image's Rule 26(a) disclosures. (Reid Decl. ¶ 4.) And, had e-Image timely disclosed Ms. Urman, ST Imaging would have had the opportunity to take Ms. Urman's deposition, and would likely have done so, based on whatever information it could gather about her, had it concluded she had significant and relevant information to offer. (*Id.* ¶ 5.) The inability to depose Ms. Urman and the lateness of the disclosure negatively impact ST Imaging's ability to prepare for trial. (*Id.* ¶ 6.)

## **LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure provides that a party must disclose individuals that are "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

To ensure compliance with these discovery requirements, Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 132 (E.D. Wis. 2003) (citation omitted).

In determining whether to exclude witnesses, courts consider the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995) (citing *Spray–Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982)).

## ARGUMENT

### I. E-IMAGE'S FAILURE TO IDENTIFY MS. URMAN AS A WITNESS WAS NEITHER JUSTIFIED NOR HARMLESS.

e-Image cannot meet its burden to show that its failure to identify Ms. Urman as a witness was justified or harmless, and therefore it cannot call Ms. Urman as a trial witness under Rule 37. To date, e-Image has not offered any justification for its delay in identifying Ms. Urman. This case has been proceeding for three years. Extensive discovery has taken place. Expert reports have been exchanged. Depositions have occurred in numerous states across the country. Yet, Ms. Urman was never disclosed as a potential witness – either formally by e-Image as part of its Rule 26 disclosures, or informally by being mentioned in produced documents or depositions – during the three-year discovery period. Any claim by e-Image that Ms. Urman is a critical witness or has newly-discovered information fails, because all of the evidence and witnesses who can support e-Image's false advertising claims should have been identified and disclosed long ago, not over a year after the close of discovery.

Courts have barred trial testimony from witnesses under far less egregious circumstances than this. *See, e.g., LG Electronics v. Whirlpool Corp.*, No. 08-C-242, 2010 WL 9506787, at *1-2 (N.D. Ill. Sept. 7, 2010) (barring witnesses disclosed on the last day of discovery because late disclosure prejudiced trial preparation since discovery was closed and party failed to provide any

explanation for the delay in disclosing the witnesses); *Zingerman v. Freeman Decorating Co.*, No. 02-C-6050, 2003 WL 22057032, at *4 (N.D. Ill. Sept. 3, 2003) (barring testimony from fact witnesses who were disclosed in the last seven days of the discovery period because such disclosure undermined plaintiff's ability to prepare for trial). There has been no reasonable justification offered for e-Image's late disclosure of Ms. Urman, and therefore she cannot testify at trial under Rule 37.

The failure to disclose Ms. Urman as a witness is also far from harmless, but rather unduly prejudicial to ST Imaging. *See Saudi*, 219 F.R.D. at 134 ("The importance of lay and expert witness disclosures and the harms resulting from a failure to disclose need little elaboration. When one party does not disclose, the responding party cannot conduct necessary discovery, or prepare to respond to witnesses that have not been disclosed"). Had Ms. Urman been disclosed during discovery, ST Imaging would have had the ability to take her deposition and would have been able to prepare accordingly for trial. (*See* Reid Decl. ¶¶ 5-6.) With discovery closed, and Ms. Urman being a third-party witness living in Arizona, this is not possible. As such, ST Imaging is left only with a vague, general description as to the scope of Ms. Urman's knowledge and the substance of her testimony.

## **CONCLUSION**

e-Image first named Amy Urman as a witness who would provide testimony at trial over a year after the close of discovery. This late disclosure violates Rule 26(a) and is highly prejudicial to ST Imaging. Ms. Urman's testimony should be excluded in its entirety.

Dated this 24th day of August, 2018.

By: *s/ Philip C. Reid*
Philip C. Reid, SBN 1009464
Steven L. Nelson, SBN 1009779
Mark E. Schmidt, SBN 1052450
Kelly J. Noyes, SBN 1064809
von BRIESEN & ROPER, s.c.
411 E. Wisconsin Ave., Suite 1000
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276- 6281
preid@vonbriesen.com
snelson@vonbriesen.com
mschmidt@vonbriesen.com
knoyes@vonbriesen.com
*Attorneys for Defendant Digital Check Corp.*
*d/b/a ST Imaging*

31644857_4.DOCX